## IN THE UNITED STATES BANKRUPTCY COURT
## THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Helen Marie Rizzo,<br><br>Debtor. | **Bankruptcy No.: 19-01303-jw**<br><br>**Adversarial Case No:**<br><br>**Chapter 13** |
| Olivia Austin and Michelle Dinatale, as Co-Executors for the Estate of Albert Robert Scansaroli,<br><br>Plaintiff<br><br>Vs.<br><br>Helen Marie Rizzo,<br><br>Defendant. | |

### COMPLAINT OPPOSING DISCHARGEABILITY OF CLAIM 2

Olivia Austin and Michelle Dinatale, as Co-Executors for the Estate of Albert Robert Scansaroli ("Plaintiffs" or "Executors"), by and through their undersigned attorneys, respectfully represent:

### JURISDICTION AND VENUE

1. This adversary proceeding arises out of and relates to the Chapter 13 case of Helen Marie Rizzo, Case No.: 19-01303-jw, (the "Debtor") filed on March 5, 2019, on the docket of the United States Bankruptcy Court for the District of South Carolina. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334(a) and §157.

2. The Plaintiffs' action regarding the dischargeability of particular debts and objection to discharge is a core proceeding. See 28 U.S.C. §157(b)(2)(I) & (J).

3. This District is the proper venue for this proceeding pursuant to 28 U.S.C. §1409(a).

## FACTUAL ALLEGATIONS

4. Plaintiffs filed a Proof of Claim on April 19, 2019 (Claim Number 2) stating a claim in the amount of $250,000.00. The claim asserts a secured interest in the amount of $136,644.36 pursuant to a prepetition state court order imposing a constructive trust in favor of Plaintiffs and for injunctive relief against Debtor, and an unsecured claim in the amount of $113,355.64. The stated basis for the claim is conversion of funds, larceny, and constructive trust.

5. Plaintiffs have objected to Debtor's plan for reorganization and have sought relief from the automatic stay to continue the state court litigation.

6. Plaintiffs' complaint pending in the Court of Common Pleas in Beaufort County asserts causes of action for declaratory judgment, conversion, constructive trust, and injunctive relief against Debtor. Plaintiffs are the daughters of the deceased Albert M. Scansaroli, and were appointed as co-executors of his probate estate in North Carolina.

7. Debtor took advantage of the incapacitated Mr. Scansaroli by using her position as a caretaker and companion to wrongfully misappropriate and embezzle monies from him.

8. While the exact nature of the relationship of Debtor and Mr. Scansaroli unclear, it is indisputable that they cohabitated and that he suffered from dementia.

9. Upon learning of the Debtor's misappropriation and embezzlement of Mr. Scansaroli's monies, Executor Olivia Austin demanded that Debtor return the funds. Debtor refused, and the state court litigation was commenced.

10. Mr. Scansaroli suffered from dementia and was declared mentally incapacitated on December 11, 2017 shortly after his daughter, Olivia Austin, learned of Debtor's withdrawal

of his funds from the account. Olivia Austin was appointed as his guardian to manage his financial affairs.

11. As is alleged in Plaintiffs' state court complaint, Albert Scansaroli deposited over $800,000.00 to his savings account from the sale proceeds of real property he owned and held in his individual name in Vermont. Mr. Scansaroli was listed as the sole owner of this savings account, which he opened at a branch office in Maynard, MA, and was the only person listed with a reportable interest in the account.

12. On August 22, 2017, $500,000.00 was transferred from Mr. Scansaroli's savings account to a new account opened on that same date in Hilton Head Island, SC, listing Debtor and Mr. Scansaroli as joint owners.

13. On November 2, 2017, Debtor personally signed for and cashed a counter check for $250,000.00 made payable to herself that was drawn on the joint account.

14. Debtor did not contribute any funds to the joint account, or Mr. Scansaroli's savings account. Debtor later spent approximately $114,000.00 of the monies.

15. On December 7, 2018, the state court granted Plaintiffs a preliminary injunction preventing Debtor from utilizing any of the remaining $136,644.36 and imposed a constructive trust upon the funds in favor of Plaintiffs, which has the same legal effect as a pre-trial attachment. These funds are currently held in the escrow trust account of Debtor's former attorney in the state court litigation, Olivetti, McCray and Withrow, LLC.

16. Debtor undertook Mr. Scansaroli's care and was aware of his diminished mental state, and used her relationship with him to take advantage of his incapacitation.

17. By virtue of her relationship with Mr. Scansaroli and his incapacitated state, Debtor was obligated to him in a fiduciary capacity.

3

18. Debtor embezzled funds from Mr. Scansaroli while acting in that capacity.

19. Debtor's conduct in the transfer of and withdrawal of Mr. Scansaroli's funds were willful, intentional, and malicious.

## FOR A FIRST CAUSE OF ACTION
*(Fraud by Fiduciary, Embezzlement, and Larceny)*

20. Plaintiffs incorporate by reference the allegations of the complaint contained hereinabove as if set forth in full.

21. Plaintiffs oppose the dischargeability of the debt set forth in Claim 2 pursuant to 11 U.S.C. §523(a)(4) for fraud by Debtor while acting in a fiduciary capacity, embezzlement and larceny.

22. The debt evidenced by Claim 2 of the Plaintiff Creditors due from Debtor is from fraud while acting in a fiduciary capacity, embezzlement, and larceny committed by Debtor.

## FOR A SECOND CAUSE OF ACTION
*(False Pretenses, False Representations, and Actual Fraud)*

23. Plaintiffs incorporate by reference the allegations of the complaint contained hereinabove as if set forth in full.

24. Plaintiffs oppose the dischargeability of the debt set forth in Claim 2 pursuant 11 U.S.C. §523(a)(2)(A) for money and property obtained by false pretenses, false representations, and actual fraud of the Debtor.

25. The debt evidenced by Claim 2 of the Plaintiff Creditors due from Debtor is from false pretenses, false representations, and actual fraud committed by Debtor.

## FOR A THIRD CAUSE OF ACTION
*(Willful and Malicious Injury)*

26. Plaintiffs incorporate by reference the allegations of the complaint contained hereinabove as if set forth in full.

27. Plaintiffs oppose the dischargeability of the debt set forth in Claim 2 pursuant to 11 U.S.C. §523(a)(6) for willful and malicious injury by Debtor to Mr. Scansaroli and/or property of Mr. Scansaroli.

28. The debt evidenced by Claim 2 of the Plaintiff Creditors due from Debtor is from the willful and malicious injury by Debtor to Mr. Scansaroli and/or property of Mr. Scansaroli.

WHEREFORE, Plaintiffs request that the Court declare the debt evidenced by Proof of Claim 2 to be non-dischargeable pursuant to 11 U.S.C. §523(a)(4), §523(a)(2)(A), and §523(a)(6), and to deny the Debtor's discharge as to said claim, and for such further relief as may be just and proper.

Respectfully Submitted,

*signature*

F. TRUETT NETTLES, II
District Court ID No. 2520
Finkel Law Firm LLC
Post Office Box 41489
Charleston, South Carolina 29423
(843) 577-5460
tnettles@finkellaw.com

*signature*

MAGALI A. CREECH
District Court ID No. 10871
Finkel Law Firm LLC
Post Office Box 41489
Charleston, South Carolina 29423
(843) 577-5460
mcreech@finkellaw.com